ELIZABETH GRAPES v. INCORPORATED CITY OF SHELDON, Appellant.

Action for Damages: DEFECTIVE SIDEWALK: ASSIGNMENT OF ERRORS.
1    An assignment of error which does not specifically point out the objection complained of will not be considered on appeal.

Same: INSTRUCTIONS: SPECIAL INTERROGATORY: REFUSAL OF: NEW TRIAL. Rulings of the court in refusing instructions and

2   declining to submit a special interrogatory calling for the manner in which the city received its knowledge of the defect in the sidewalk, and in refusing a new trial, are sustained.

*Appeal from O'Brien District Court.*—Hon. Wm. Hutchinson, Judge.

Friday, January 23, 1903.

Action to recover damages for injuries received on account of a defective sidewalk. Verdict and judgment for plaintiff, from which defendant appeals.—*Affirmed.*

*Milt H. Allen* for appellant.

*G. A. Gibson* and *W. D. Boies* for appellee.

McClain, J.—Counsel for appellant certainly cannot be charged with lack of zeal and enthusiasm in presenting the case of his client to this court. He has assigned errors in twenty-eight paragraphs, several of which consist of a number of alleged errors grouped into subdivisions, including one that covers all the divisions and subdivisions of a motion for a new trial,—one hundred and thirty-one in all,—so that we have presented to us, practically, two hundred points to rule upon; and this in an ordinary action at law for injuries received on a sidewalk. Counsel, in argument, urges in a general way, and in groups, practically all the points attempted to be raised by the assignments, and the assignments are argued in apparently complete confidence that each one of them will be found to be a good and sufficient ground for reversal in itself. It may be questionable, however, whether counsel shows good judgment in asking so much. A few grounds of reversal —say five or six—would be as effective as two hundred in protecting the interests of his client. Can we not say that counsel ought to have assumed that a case important enough to appeal to this court was "big game," requiring the use of a rifle, rather than a shotgun loaded with bird shot?

It is not difficult, however, in this case, to dispose of the questions which are fairly presented.   Many assignments relate to rulings as to questions propounded to witnesses without indicating the "very error complained of," as required by Code, section 4136.   For instance, one assignment, which relates to the evidence most seriously objected to, is the first subdivision under a general assignment, reading, "that the court erred in overruling defendant's objections to testimony offered by plaintiff, and in overruling each of said objections, as follows."   And the subdivision reads, "To questions to witness Elizabeth Grapes, shown on pages 7, 8, 49, and 50 of abstract."   This does not point out what the objection was, and, by going to the pages of the record referred to, we find a variety of questions, some of them objected to as leading; others as calling for a conclusion of the witness; others as incompetent, immaterial, and irrelevant; others as not proper in rebuttal; and still others as relating to matter already testified to by the witness.   It is not necessary to cite authorities to show that such an assignment as this is not in compliance with the requirements of the statute.

*1. DEFECTIVE sidewalk: assignment of errors.*

II.   Many assignments are made as to refusal to give instructions as asked, and also as to instructions which were given; but, without going into detail, it is enough to say that no valid objection is made to the instructions which were given, and that those sufficiently cover the instructions asked.   The court does not, as counsel assumes, instruct as to "implied knowledge" of the defect by the city, and what is said on the subject of notice to the city of the defect would seem to be sufficient to convey to an ordinary juror the rule to be applied in determining the sufficiency of such notice.   The allegations of the petition on that subject are such as are usual in similar cases, and the instructions present the question fairly to the jury.   There

*2. SAME: instructions: special interrogatories: refusal of new trial.*

was no error in refusing the special interrogatory which defendant asked to have submitted, for the interrogatory called for a finding as to the manner in which the officers of defendant received notice or knowledge of the defective condition of the walk, and this defendant was not entitled to ask.   The manner in which such knowledge was received would not be controlling either way.

There was no error in refusing to grant a new trial on the ground of newly discovered evidence, because there is no sufficient showing of diligence in the discovery of the evidence, and the proffered evidence is in its nature almost entirely cumulative.   Without attempting to refer more at length to the assignments of error which have been urged in argument, all of which have been fully considered, we reach the conclusion that the judgment of the lower court must be AFFIRMED.